UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MCI WORLDCOM NETWORK SERVICES,
INCORPORATED,

   *Plaintiff-Appellant,*

v.

OSP CONSULTANTS, INCORPORATED,

   *Defendant-Appellee.*

NATIONAL UTILITY CONTRACTORS
ASSOCIATION,

   *Amicus Curiae.*

No. 02-1262

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-150-A)

Argued: December 4, 2002

Decided: October 27, 2003

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** James J. Proszek, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma, for Appellant. John P. Lavelle, Jr., BALLARD, SPAHR, ANDREWS & INGERSOLL, L.L.P., Philadelphia, Pennsylvania, for Appellee. **ON**

**BRIEF:** Anthony J. Jorgensen, HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C., Tulsa, Oklahoma; Caroline E. Petro, PIPER, MARBURY, RUDNICK & WOLFE, L.L.P., Washington, D.C.; Thomas F. O'Neil, III, Chief Litigation Counsel, John A. Stackhouse, Associate Litigation Counsel, WORLDCOM, INC., Washington, D.C., for Appellant. Sally M. Williams, BALLARD, SPAHR, ANDREWS & INGERSOLL, L.L.P., Philadelphia, Pennsylvania; Jeffrey R. DeCaro, Mary-Lee Miller, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, L.L.P., Lanham, Maryland; Harvey B. Dikter, INFRASOURCE, INC., Norristown, Pennsylvania, for Appellee. David J. Cynamon, SHAW PITTMAN, L.L.P., Washington, D.C., for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

We previously certified to the Supreme Court of Virginia a state-law question that was determinative of the issue presented in this appeal. The Supreme Court of Virginia has issued an opinion answering that certified question, and we now affirm the decision of the district court.

MCI Worldcom Network Services, Inc., a provider of telecommunications services, sued OSP Consultants, Inc., after OSP severed one of MCI's underground fiber-optic cables. Because MCI has built excess capacity into its network, it was able to quickly re-route within its own network the telecommunications traffic carried by the damaged cable. MCI thus was not required to seek additional capacity from a third-party during the time that its cable was unavailable. MCI thereafter brought this action against OSP, seeking damages for the cost of repairing the cable and damages for the loss of use of the cable. After a bench trial, the district court awarded MCI more than

$30,000 for the repair costs, but the court refused to award damages for the loss of use of the cable. The district court concluded that MCI suffered no damages from the loss of use because it was not required to obtain capacity from outside of its own network.

Under Virginia law, it was not entirely clear whether MCI was entitled to loss-of-use damages when it was not required to go outside its network to replace the capacity lost when the cable was severed. We therefore certified the following question to the Supreme Court of Virginia:

> Is a telecommunications services carrier entitled to damages for the loss of use of a fiber-optic cable damaged by a defendant when the carrier intended to have the full capacity of the damaged cable available for its use should the need have arisen, but the carrier was able to accommodate within its own network the telecommunications traffic carried by the damaged cable and the carrier presented no evidence that it suffered loss of revenue or other damages during the time that the cable was unavailable?

*MCI Worldcom Network Servs. v. OSP Consultants, Inc.*, No. 02-1262 (4th Cir. Feb. 10, 2003).

On September 12, 2003, the Supreme Court of Virginia answered that question in the negative. The Court explained:

> [T]he evidence shows that [MCI] maintains excess network capacity primarily for the general use of its business so that it can accommodate varying levels of telecommunications traffic. While it is true that the excess capacity enables [MCI] to reroute traffic in the event of emergencies, [MCI] does not reserve particular cables for use exclusively in emergencies . . . . Accordingly, . . . we hold that, in the circumstances of this case, [MCI] is not entitled to loss-of-use damages.

*MCI Worldcom Network Servs. v. OSP Consultants, Inc.*, 585 S.E.2d 540, 544 (Va. 2003).

The decision of the Supreme Court of Virginia is dispositive of the single issue raised on appeal by MCI. Because the district court correctly anticipated that Virginia law does not permit an award of loss-of-use damages in this case, we hereby affirm the decision of the district court.

*AFFIRMED*